UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KAMLESH BANGA, | | |
| | Plaintiff, | 22 Civ. 9825 (PAE) (SN) |
| -v- | | |
| | | OPINION & ORDER |
| LAWRENCE R. LUSTIG, M.D., et al., | | |
| | Defendants. | |

PAUL A. ENGELMAYER, District Judge:

On November 17, 2022, plaintiff Kamlesh Banga ("Banga"), proceeding *pro se*, brought this diversity action against Lawrence R. Lustig., M.D. ("Lustig") and Doe defendants 1–5, asserting seven claims or categories of claims: (1) violations of California Health & Safety Code § 123110 and 45 C.F.R. § 164.524; (2) common count; (3) violations of California Business & Professions Code § 17200, *et seq.*; (4) unjust enrichment; (5) constructive fraud; (6) breach of fiduciary duty; and (7) emotional distress. *See generally* Dkt. 1.

On December 2, 2022, the Court referred this case to the Hon. Sarah Netburn, Magistrate Judge, for general pretrial management. Dkt. 5. On January 25, 2023, Lustig filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] This Court referred the motion to Judge Netburn for a Report and Recommendation. Dkt. 19. On March 26, 2023, Banga filed a first amended complaint ("FAC"), Dkt. 25, and, on April 5, 2023, a proposed revised first

---

[1] As Judge Netburn notes in her Report and Recommendation, Lustig also purported to file his motion pursuant to Rule 12(b)(1), but that was because of a mistaken assumption that a *res judicata* defense goes to jurisdiction, which it does not. *See Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994). As such, the Court will omit reference to and discussion of the standards under Rule 12(b)(1).

amended complaint, Dkt. 26 ("RFAC"). On April 5, 2023, Judge Netburn accepted the RFAC as the operative complaint. Dkt. 27.

On May 18, 2023, Lustig, abandoning his first motion to dismiss as moot, filed a motion to dismiss the RFAC. Dkt. 26. The Court again referred this motion to Judge Netburn. Dkt. 37. On August 28, 2023, Banga filed a response and a supporting declaration, with exhibits. Dkts. 45, 46. On September 8, 2023, Lustig filed a reply. Dkt. 47. Banga then filed a motion to strike certain arguments in the reply that she maintained were raised for the first time there. Dkt. 50.

On October 20, 2023, Judge Netburn issued a Report and Recommendation, recommending that the Court grant the motion to dismiss on the grounds that Banga's claims all either lacked a private cause of action, were barred by the doctrine of *res judicata*, or were time-barred. Dkt. 58 (the "Report") at 7–13. On November 12, 2023, Banga timely objected, and submitted a declaration in support. Dkts. 59 ("Pl. Obj."), 60. On November 20, 2023, Banga submitted untimely amended objections to the Report. Dkt. 61. Lustig never filed a response.

For the following reasons, the Court adopts the Report, save for its recommendation that Banga's claims for injunctive relief under California Health & Safety Code § 123110 are time-barred. The Court finds one § 123110 claim, based on a March 12, 2020 records request, timely. For reasons articulated below, however, the Court declines to exercise supplemental jurisdiction over that one claim, which does not supply a basis for subject-matter jurisdiction. Banga filed this lawsuit in this Court based on diversity jurisdiction, 28 U.S.C. § 1332, with the amount in controversy based on her damages claims, but those have now been dismissed in full. The Court thus dismisses Banga's surviving claim under § 123110 without prejudice to Banga's right to pursue it elsewhere.

I.     **Background**

2

The Court adopts the Report's detailed account of the facts and procedural history in substantial part. The following summary captures the limited facts necessary for an assessment of the issues presented.

Banga's factual allegations in the RFAC are as follows:

In 2008, Banga suffered hearing loss after involvement in a car accident. RFAC ¶ 13. Two years later, in January 2010, Banga filed a personal injury lawsuit in California state court against the driver of the other car involved in her accident. *Id.* In February 2010, Lustig, at that time a physician at the University of California Regents ("UC Regents"), performed hearing aid surgery on Banga. *Id.* ¶ 15.

To establish the extent of her hearing loss for the purposes of her personal injury litigation, Banga also underwent four separate auditory brainstem response ("ABR") tests. The first three were performed on April 6, 2012, November 5, 2012, and October 7, 2013, respectively, all at UC San Francisco ("UCSF") Medical Center; Lustig consulted on the second and third tests. *Id.* ¶¶ 17, 20, 22, 24, 26. The fourth ABR occurred at Stanford Hospital on June 13, 2014. *Id.* ¶ 31.

Banga asserts that the reason she needed to undergo successive ABR tests in the first place was because UCSF Medical Center and Lustig withheld the computerized data, or "objective findings," associated with each ABR test, and so Banga attempted additional tests to obtain that data. *Id.* ¶ 139. Although Banga was given a multi-page report of her results after each UCSF Medical Center-administered ABR test, these reports did not include the detailed computerized data she sought and that she considered necessary to prove causation in her personal injury lawsuit. *Id.* ¶¶ 17, 19, 23, 26; *see also id.* ¶ 139.

3

After the third ABR test, Banga had a follow-up appointment with Lustig in which she asked him for this computerized data for each test. Lustig responded that he had reviewed the results from each ABR test and had not seen any accompanying computerized data. *Id.* ¶ 27. When Banga pushed back, Lustig assured her that the audiologist who had performed the test was "excellent" and without motive to withhold Banga's test results. *Id.* Lustig recommended that Banga contact the audiologist directly about the computerized data. *Id.* Five months later, in April 2014, Banga again asked Lustig about the lack of computerized data in the reports she had been given. Lustig responded that "each audiologist used their preferred methodology to perform the ABR testing" and did not generate any computerized data in doing so. *Id.* ¶ 28.

Banga maintains that these statements by Lustig were false and that he in fact concealed the requested computerized data. In support, Banga states that a doctor at Stanford Hospital told her in 2015 that because ABR testing is performed with a specialized computer, there is always associated computerized data. *Id.* ¶ 36. In addition, in 2019, a California Department of Public Health investigator reviewing Banga's UCSF Medical Center records found the computerized data from Banga's second ABR test from November 2012. *Id.* ¶ 40. Those records include text added by staff in April 2014, on the same day that Lustig allegedly told Banga there was no computerized data. *Id.* ¶ 41.

Banga alleges that the concealment of computerized data undermined her ability to settle her personal injury lawsuit for a satisfactory amount, *id.* ¶ 131, denied her the "benefit of her bargain" as she paid for each ABR test yet did not receive computerized data in return, *id.* ¶ 114, and caused her to undergo successive ABR tests which resulted in emotional distress, *id.* ¶¶ 139–40.

4

In 2016, Banga sued UCSF Medical Center in California state court over these alleged injuries. *Id.* ¶ 38. In March 2020, after the California Court of Appeal ruled Banga was entitled to amend her complaint to add claims under § 123110, *Banga v. Regents of the Univ. of Cal.*, No. A151758, 2019 WL 4786955 (Cal. App. 1st Dist. Oct. 1, 2019) ("*Banga I*"), Banga filed a Second Amended Complaint in that action adding Lustig as a defendant, and subsequently filed her Third Amended Complaint, the operative complaint, bringing six claims against him and other defendants: for (1) breach of contract; (2) violations of § 123110; (3) fraudulent concealment of medical records; (4) intentional concealment of medical records; (5) emotional distress; and (6) violation of California Business & Professions Code § 17200, *et seq. See id.* ¶ 45. As here, Banga's California state law action alleged that Lustig's "suppression of her medical records reduced her settlement in the underlying personal injury litigation and caused emotional distress." *Banga v. Regents of the Univ. of Cal.*, A162936, 2022 WL 17073900, at *2 (Cal. App. 1st Dist. Nov. 18, 2022) ("*Banga II*"). Banga voluntarily dismissed her two statutory claims in that action after the trial court dismissed the four common law claims with prejudice. She then appealed from the judgment in defendants' favor. *Id.* at *3.

Banga filed the present lawsuit in this District the day before the California Court of Appeal, on November 17, 2022, affirmed the trial court's dismissal. *See* Dkt. 1.

## II.    Applicable Legal Standards

### A.  Report and Recommendation

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected

to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation," *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

## III.   Discussion

Banga raises several objections to the Report. The Court considers each in turn.

### A. Characterization of California Court of Appeal's Holding

Banga states generally that the Report errs in dismissing her claims because the dismissal fails to give "full preclusive effect" to the California Court of Appeal's holding in her case before it. Pl. Obj. at 5. Banga misreads the Report.

6

The California Court of Appeal confirmed in *Banga I* that the state legislature had, via § 123110, created a right for patients to access their health care records and permitted a legal action for injunctive relief to enforce this right in court. *Banga I*, 2019 WL 47869555, at *1–2. That court found that it had been error for the trial court to refuse to allow Banga to amend her complaint to add such claims. *Id.* But by the time Banga's case returned to the Court of Appeal for *Banga II*, Banga had dismissed the statutory claims that *Banga I* had allowed her to add. *See Banga II*, 2022 WL 17073900, at *2. The Court of Appeal in *Banga II* commented on this aspect of its discussion in *Banga I* solely in recounting the case's procedural history. *See id.*

Contrary to Banga's objection, the Report does not take issue with the California Court of Appeal's affirmation of the California state statutory right to one's medical records and to bring an injunctive action to vindicate that right. The Report takes as a given that Banga has such rights under § 123110. It merely concludes that such claims here are time-barred. Report at 11. There is nothing about that finding that is inconsistent with the California Court of Appeal's holdings or analysis.

### B. Request for *In Camera* Review and Leave to Depose Lustig

Reading the objections liberally, Banga next appears to assert that the Court should order Lustig to "produce the relevant medical records under seal for in camera review" and grant her motion for leave to depose Lustig, as such discovery would assist this Court in resolving Lustig's pending motion to dismiss. Pl. Obj. at 6–8. The basis for the Report's recommendation to dismiss, however, was that Banga's claims were all precluded by *res judicata* or time-barred. Report at 10.[2] Banga does not explain why discovery could undermine these determinations.

---

[2] The Report also noted that there is no private cause of action under HIPAA. *See* Report at 7. In her objections, Banga states that she is dropping her HIPAA claim. Pl. Obj. at 2.

Given the nature of the Report's conclusions, production of the allegedly withheld medical records or testimony from Lustig could not do so.  The Court overrules this objection.

### C.  Banga's March 12, 2020 Correspondence With Lustig

Banga's objections centrally challenge the Report's finding that her claim to enforce via injunctive relief her right under § 123110 to request and promptly receive her medical records is time-barred.  She contends that the Report errs in not recognizing an allegation in her complaint that, on March 12, 2020, she requested her computerized medical records from Lustig.  Pl. Obj. at 9–12, 16–17.  Based on that request date, Banga contends that her § 123110 claim accrued after Lustig failed to provide these records within 15 days (*i.e.*, March 28, 2020).  *Id.* at 10–11. Because the limitations period for this claim is three years,[3] *see* Cal. Civ. Proc. § 338(a), and Banga filed this action on November 17, 2022, Dkt. 1, Banga argues that the Report erred in finding her § 123110 claim untimely to the extent based on this request.

This limited objection by Banga is meritorious.  In holding the § 123110 claim time-barred, the Report determined that "[b]ased on Plaintiff's complaint, she most recently asked Defendant for her ABR data in 2014, making [the § 123110] claim time-barred."  Report at 11. The Report did not address the March 12, 2020 request with specificity.  Rather, it addressed Banga's requests from the 2012–2014 period, finding claims based on these requests untimely, and in a footnote, noted that Banga's requests in 2021 and 2022 were not alleged to have been made to Lustig, who by then was no longer affiliated with UC Regions.  *See* Report at 11 & n.3. The Report also noted that, to the extent Banga's opposition to a motion to dismiss appeared to try to do so, a party cannot amend a complaint via such an opposition, and that, in any event, the exhibits attached to Banga's opposition did not reflect requests directed at Lustig.  *Id.* at 11 n.3.

---

[3] Banga wrongly states that the statute of limitations is seven years.  *See* Pl. Obj. at 10.

The Court agrees with Banga that the FAC did allege one request to Lustig as to which a § 123110 claim for injunctive relief is timely. It alleges that, "[o]n March 12, 2020 . . . Plaintiff sent a medical authorization form requesting Defendants to provide a complete copy of her ABR Testing of April 6, 2012 and October 7, 2013." FAC ¶ 44. *Pro se* Banga's reference to "Defendants"—although not identifying Lustig by name—is properly read to include him. Banga's RFAC contained the same allegation. RFAC ¶ 44.[4]   On this basis, the Court finds Banga to have pled facts that plausibly make her § 123110 claim, based on the March 12, 2020 request, timely. The Court agrees with the Report, however, that Banga's allegations based on records requests from 2014 or earlier are untimely.[5]

### D. Application of "Continuing Wrong" Doctrine to § 123110 Claims

In a separate objection, Banga argues that the Report erred in finding that the tort-law "continuing wrong" doctrine does not save her § 123110 claims for injunctive relief from a finding of untimeliness. She argues that this doctrine applies because Lustig, purportedly, has continued unlawfully to withhold her medical records. Pl. Obj. at 12–13. Banga, however, does not supply legal authority that this tort-law doctrine applies to a statutory claim under § 123110. *See* Report at 12. As the Report points out, Banga's theory, under which the limitations period would begin to run on the date the requested records are provided, is problematic for a separate reason. These claims seek solely injunctive relief. By definition, a request for such relief would

---

[4] Although not cognizable on the motion to dismiss, Exhibit 12 to Banga's opposition is the message that Banga claims she sent Lustig. It is addressed to him and dated March 12, 2020. *See* Dkt. 46, Ex. 12.

[5] The Court separately adopts the Report's conclusion that the RFAC does not allege requests on July 7, 2021, December 8, 2021, or November 4, 2022 directed to Lustig. Report at 11 n.3. And Banga's post-RFAC submissions bely that claim. *See* Dkt. 48, Ex. 18. The requests it attaches, made via UCSF Health authorization forms for release of health information, do not reference Lustig. *See id.*; Report at 11 n.3.

be moot from the point the medical records are provided.  *See id.*  The Court thus adopts the Report's finding that Banga's untimely statutory claims are not rescued by this tort doctrine.

### E.  Untimely Objections

In addition to her timely objections, reviewed above, Banga, on November 20, 2023, filed what she termed "Amended Objections."  Dkt. 61.  Because the Report issued on October 30, 2023, these were filed outside of the 14-day window for objections.  *See* 28 U.S.C. 636(b).  They are untimely and the Court need not consider them.  *See Henry v. Miller*, No. 11 Civ. 1273 (PAE) (SLC), 2019 WL 6038090, at *1 (S.D.N.Y. Nov. 14, 2019).

Nonetheless, in the interest of completeness, the Court has reviewed these objections. Even reviewed *de novo*, they do not disturb the Report's conclusions.  These largely contest the Report's findings that the doctrine of *res judicata* bars most of Banga's common law claims. Banga contends that the Report erred in finding that she had pursued, in previous action(s), the primary rights underlying these claims.  Dkt. 61 at 21–23.  Banga misunderstands the primary rights test under California *res judicata* law, as thoughtfully addressed in the Report.  As for Banga's new objection that her emotional distress claim should be subject to the same three-year statute of limitations as her statutory claims, it is clearly incorrect.  *See* Dkt. 61 at 17–18; Report at 10 ("In California, negligent or intentional infliction of emotional distress causes of action are subject to a two-year statute of limitations.  Civ. Proc. § 335.1.")

### F.  Supplemental Jurisdiction

For the foregoing reasons, with the one exception noted above, the Court adopts the Report's recommendations and dismisses the claims in Banga's RFAC with prejudice.  The one exception is Banga's § 123110 claim for injunctive relief based on her request for records from Lustig from March 12, 2020.  That claim is timely and viable.

The question then arises whether to exercise supplemental jurisdiction over that claim. The Court has diversity jurisdiction over this case, based on the pleadings. Banga is a citizen of California, Lustig is a citizen of New York, and Banga's complaints plausibly alleged damages in excess of $75,000. *See* Dkt. 1 ¶¶ 1–9, 131; 28 U.S.C. § 1332.[6] Banga's damages claims, however, have all been dismissed. And the surviving § 123110 claim permits only injunctive relief. *See Lanham v. County of Los Angeles*, No. B252156, 2014 WL 1682896, at *4 (Cal. App. 2d Dist. Apr. 29, 2014) (damages unavailable on § 123110 claim); *Maher v. County of Alameda*, 168 Cal. Rptr. 3d 56, 66 (App. 1st Dist. 2014) (same). With the claims that supported diversity jurisdiction dismissed, the Court must decide whether to exercise supplemental jurisdiction over the remaining claim under § 123110.

"The question whether to exercise supplemental jurisdiction following the pretrial disposal of the jurisdiction-conferring claim is addressed to the sound discretion of the district court. The exercise of such discretion requires consideration of 'judicial economy, convenience, and fairness to litigants.'" *Nat'l Westminster Bank, PLC v. Grant Prideco, Inc.*, 343 F. Supp. 2d 256, 258 (S.D.N.Y. 2004) (quoting *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 105 (2d Cir. 1998)).

Particularly where the claims supporting diversity jurisdiction have been dismissed on the pleadings, "the ordinary case 'will point toward declining jurisdiction over the remaining state-law claims.'" *Ergowerx Intern., LLC v. Maxwell Corp. of Am.*, 18 F. Supp. 3d 453, 456 (S.D.N.Y. 2014) (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998)). Such is so here, as judicial economy, convenience, and fairness to the parties all favor

---

[6] Although Banga's FAC attempted to add UC Regents as a defendant, once alerted that this would almost certainly destroy diversity jurisdiction, Banga dropped it as a party. Dkt. 33.

declining to exercise supplemental jurisdiction. This case is at an early stage; the parties have

not yet undertaken discovery; and the sole remaining claim is under a California state law which

this Court has no experience or expertise applying. For these reasons, the relevant factors all

disfavor a continued exercise of jurisdiction. The Court therefore declines to exercise

supplemental jurisdiction over the remaining § 123110 claim.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in principal part. The Court

declines to adopt the Report's recommendation to dismiss Banga's claims under California

Health & Safety Code § 123110 claim, insofar as the Report recommended dismissal of these

claims in their entirety under Rule 12(b)(6). The Court finds one claim under § 123110 well-

pled—that based on her request for records on March 12, 2020. The Court grants the motion to

dismiss all of Banga's other claims, with prejudice. As to the surviving claim under § 123110,

the Court declines to exercise supplemental jurisdiction over it, and dismisses it, without

prejudice to Banga's right to pursue this claim elsewhere.

The Clerk of Court is respectfully directed to resolve the motion pending at Docket 36

and close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 20, 2023
New York, New York