KAMLESH BANGA
P.O. BOX 5656
Vallejo, CA 94591
kkbanga@gmail.com
Telephone: (707) 342-1692

**PLAINTIFF IN PRO PER**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMLESH. BANGA, | CASE No.: 1:22-cv-09825 |
| Plaintiff | |
| v. | **PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE SARAH NETBURN** |
| LAWERENCE R. LUSTIG, MD, | |
| Defendant/Respondent | |

**TO THE HONORABLE DISTRICT JUDGE:**

Plaintiff respectfully moves this Court for an Order directing the recusal of Magistrate Judge Sarah Netburn from all further proceedings in this matter pursuant to 28 U.S.C. § 455(a) and the Due Process Clause of the Fifth Amendment.

**I. BACKGROUND**

This case was remanded to the district court on July 18, 2025, following the Second Circuit's decision. While the appellate proceedings addressed jurisdictional issues, the panel's opinion also contained constitutional errors that are the subject of Plaintiff's pending motion for extension of

time to file a rehearing petition. During the initial proceedings, Magistrate Judge Netburn made adverse findings about Plaintiff's character and motivations that create a clear appearance of bias requiring recusal from any further participation in this case.

## II. LEGAL STANDARD

28 U.S.C. § 455(a) mandates recusal when a judge's "impartiality might reasonably be questioned." The standard is objective, focusing on whether a reasonable person with knowledge of all relevant facts would question the judge's impartiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). As the Supreme Court emphasized, "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954).

The appearance of bias, not actual bias, triggers recusal. In re *Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). Recusal is particularly warranted when a judge has made adverse credibility or character determinations about a party. *United States v. Balistrieri*, 779 F.2d 1191, 1213 (7th Cir. 1985).

## III. GROUNDS FOR RECUSAL

### A. Express Bad Faith Finding and Character Condemnation

On October 30, 2023, Magistrate Judge Netburn made an express finding that "Plaintiff filed this lawsuit in bad faith" and recommended dismissal based on this character determination. In her Report and Recommendation (Dkt. 58, pp. 12-13), she ruled:

> "Additionally, the Court finds that Plaintiff filed this lawsuit in bad faith. Plaintiff litigated Defendant's alleged concealment of her ABR test data extensively in California for six years... The same week the California Court of Appeal affirmed the dismissal of the prior case with prejudice, Plaintiff filed this case in a transparent attempt to evade the California court's decision. Accordingly, I recommend Plaintiff not be afforded leave to amend her complaint."

This finding branded Plaintiff as a bad faith litigator who files lawsuits in "transparent attempts to evade" adverse court decisions. No reasonable observer could expect impartial treatment

from a judicial officer who has made such definitive negative determinations about a party's character and litigation motivations.

### B. District Judge's Contrary Ruling Confirms Magistrate's Error

Most significantly, on December 20, 2023, District Judge Engelmayer directly contradicted the bad faith characterization by finding merit in Plaintiff's position. In his Opinion & Order (Dkt. 62, p. 8), Judge Engelmayer specifically found:

> "The Court agrees with Banga that the FAC did allege one request to Lustig as to which a § 123110 claim for injunctive relief is timely" and "The Court finds Banga to have pled facts that plausibly make her § 123110 claim, based on the March 12, 2020 request, timely."

This finding directly refutes Magistrate Judge Netburn's conclusion that Plaintiff's lawsuit was filed in "bad faith." The district court's determination that Plaintiff's allegations were legally viable and timely proves that the magistrate's character condemnation was unfounded, creating an insurmountable appearance that she cannot impartially evaluate Plaintiff's conduct in future proceedings.

### C. Due Process Violation

The Due Process Clause requires proceedings before a neutral and impartial tribunal. *Tumey v. Ohio,* 273 U.S. 510 (1927). When a judicial officer has made adverse findings regarding a party's good faith and credibility, continued participation violates due process principles.

### IV. PRECEDENTIAL SUPPORT

Courts routinely grant recusal where judges have made prior adverse determinations about a party's credibility or good faith. In *Peterson v. BMI Refractories,* 124 F.3d 1386, 1394 (11th Cir. 1997), the court held that a judge's finding that a party had acted in bad faith created such an appearance of bias that recusal was mandatory under Section 455(a). The court noted that "once a judge has determined that a party is not credible or is acting in bad faith, it becomes very difficult for that judge to approach future proceedings involving that party with the appearance of impartiality."

- 3 -
PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE
JUDGE SARAH NETBURN

Similarly, in *United States v. Murphy*, 768 F.2d 1518, 1539 (7th Cir. 1985), recusal was required where the judge had expressed views about the defendant's character. The Third Circuit in *Securacomm Consulting Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000), held that recusal was required where the judge had made statements suggesting predetermined views about a party's credibility.

## VI. CONCLUSION

Magistrate Judge Netburn's express finding that Plaintiff "filed this lawsuit in bad faith" and her recommendation to dismiss Plaintiff's entire case based on this character determination creates a substantial appearance of bias that requires recusal under 28 U.S.C. § 455(a). **No party should be required to appear before a judicial officer who has already made such definitive negative findings about their motivations and conduct.**

The appearance of partiality in these circumstances is not a reflection on Magistrate Judge Netburn's integrity, but rather an inevitable consequence of her prior assessment of Plaintiff's conduct. In the interest of preserving both the reality and appearance of judicial impartiality, recusal is warranted.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. **GRANT** this Motion for Recusal;
2. **ORDER** Magistrate Judge Sarah Netburn to recuse from all further proceedings in this matter;
3. **DIRECT** reassignment to a different Magistrate Judge; and
4. **GRANT** such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 23, 2025,

By: /s/ *Kamlesh Banga*
Kamlesh Banga

PLAINTIFF IN PRO PER

- 4 -
PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE
JUDGE SARAH NETBURN

DENIED. The Clerk of Court is respectfully directed to close the motion pending at Docket 72.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Date: July 24, 2025