UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KAMLESH BANGA,

                              **Plaintiff,**                    22-CV-9825 (PAE)(SN)

               -against-                                 **OPINION & ORDER**

LAWRENCE R. LUSTIG, M.D., et al.,

                              **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Kamlesh Banga ("Plaintiff") moves to say this action, invoking the abstention doctrine rooted in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). ECF No. 78. The motion is denied.

      As relevant here, nearly two years ago, the Court dismissed most of Plaintiff's common law claims under the doctrine of *res judicata*. Banga v. Lustig, No. 22-cv-9825 (PAE)(SN), 2023 WL 8805690, at *5 (S.D.N.Y. Dec. 20, 2023). That portion of the decision was affirmed on appeal. Banga v. Lustig, 24-140, 2025 WL 1983460 (2d Cir. July 17, 2025.)  The basis for dismissal of those claims was a California state court's dismissal of Plaintiff's four common law claims with prejudice, which was affirmed by the California Court of Appeal. Plaintiff is now seeking to vacate the California state trial court's dismissal of her claims on the "basis of extrinsic fraud committed by Defendants." ECF No. 79 ¶ 7. Plaintiff argues that because the California judgment forms the sole basis for this Court's *res judicata* dismissal, the Court should stay this case to avoid duplicative litigation or inconsistent court rulings.

Colorado River abstention allows a federal court, in "exceptional circumstances," to "abstain from exercising jurisdiction when parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources." Niagra Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012) (quoting Colorado River, 424 U.S. at 813, 817-818). "[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*." Dittmer v. Cty of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998). "Lawsuits are considered parallel if substantially the same parties are contemporaneously litigating substantially the same issues in different forums." Roy v. Bank of New York Mellon, No. 17-cv-6729, 2018 WL 4771898 (MKB)(LB), at *4 (E.D.N.Y. Sept. 30, 2018) (citation and internal quotation marks omitted). "Any doubt regarding the parallel nature of a federal and state action should be resolved in favor of the exercise of federal jurisdiction." Shields v. Murdoch, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012) (citation omitted).

The state proceedings are not "parallel" because the parties are not "contemporaneously litigating substantially the same issues." Roy, 2018 WL 4771898, at *4. Plaintiff's motion to vacate the California judgment, if successful, would merely reopen the state case to proceed on the merits; it does not create parallel litigation in federal court where these claims have been dismissed, and that dismissal has been affirmed on appeal.

## CONCLUSION

Plaintiff's motion for a stay is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 78.

The parties shall appear for a telephonic conference on October 9, 2025, at 11:00 a.m. to discuss the next steps in this litigation. At that time, the parties should call the Court's dedicated

teleconferencing line at (855) 244-8681 and enter Access Code 23142707008. If this date is unavailable for any party, they must contact Courtroom Deputy Diljah Shaw at Diljah_Shaw@nysd.uscourts.gov.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   September 26, 2025
         New York, New York